UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BOSTON DISTRICT                                          Civil Action No.

PAUL B. MARINNUCI, MICHAEL P. )                          JURY TRIAL DEMANDED
MARINUCCI, and JOSEPH )
P. MARINUCCI )
    Plaintiffs )
)
    V. )
)
FIDELITY INVESTMENT and FMR )
CORPORATION )
)
    Defendants )

    The Plaintiffs, Paul B. Marinucci, Joseph P. Marinucci, and Michael P. Marinucci, a minor, complain of the defendants, FMR Corporation, and Fidelity Investment, a subsidiary of FMR Corporation, and aver to the Court the following:

**JURISDICTION**

**I.**

    The Court may exercise jurisdiction over the parties under 28 U.S.C. § 1331, because the Plaintiff's claim concerns a federal question arising from the provisions of 12 U.S.C. § 3417, Chapter 35; better known as the Right to Financial Privacy Act. The Court may exercise jurisdiction over the parties under 28 U.S.C. § 1391(a)(1) because Plaintiffs and defendants are domiciled within the judicial district of the United States District Court for Massachusetts.

**PARTIES**

**II.**

    The Plaintiffs are Paul B. Marinucci, and his sons, Michael P. Marinucci, and Joseph P. Marinucci; all of Medway, Massachusetts, in Norfolk County.

ROBERT H. GLOTZER
Attorney at Law
50 CONGRESS STREET
BOSTON, MA 02109
TEL: 617 742-8700
FAX: 617 742-8703
EMAIL:
lawyerglotzer@hotmail.com

III.

The defendants are Fidelity Investments, 82 Devonshire Street, Boston, Massachusetts. 02109, is a corporation duly organized and existing under the laws of Massachusetts, and a subsidiary of FMR Corporation, 82 Devonshire Street, Boston, Massachusetts, 02109, a corporation duly organized and existing under the laws of Massachusetts.

## CAUSE OF ACTION

IV.

*The Facts Giving Rise to the Plaintiff's Cause of Action*

1. The Plaintiff and his minor children have incurred a breach of financial and personal security, as well as a serious breach of personal privacy, at the hands of an employee of the defendants, whose duties at the time of said breach included, *inter alia*, responsibility for the security of customer account data, pursuant to 35 U.S.C. § 3417.

2. On or about July 30, 1990, Plaintiff Paul Marinucci ("Paul"), established and maintained a securities trading account with defendant, Fidelity Investments ("Fidelity"), as an instrument of personal investment.

3. On or about July 30, 1990, Paul established securities trading accounts with the Fidelity for the benefit of his minor children, Michael P. Marinucci ("Michael") and Joseph P. Marinucci ("Joseph"), for their future education and welfare.

4. On or about October 28, 1999, Fidelity's employee, one Jane Jamgotchian ("Jamgotchian"), transmitted by e-mail the Fidelity securities trading account numbers and social security numbers of Paul, Michael, and Joseph, to Valerie Marinucci ("Valerie"), who was then Paul's spouse, and in so doing, compromised the security of this data by placing it in the public domain of the internet, and revealing it to others, all without the knowledge of Paul, and without his permission to do so.

ROBERT H. GLOTZER
*Attorney at Law*
50 CONGRESS STREET
BOSTON, MA 02109
TEL: 617 742-8700
FAX: 617 742-8703
EMAIL:
lawyerglotzer@hotmail.com

5. The Plaintiffs aver that the e-mail transmission of October 28, 1999 by Jamgotchian constitutes a violation in violation of  12 U.S.C. § 3417, Chapter 35, better known to the public as the Right to Financial Privacy Act, because Jamgotchian copied their financial and personal data from Fidelity's secure electronic repository, and compromised it by placing it in the public domain for the use of another.

6. Fidelity, as a subsidiary of FMR Corporation,  offers a variety of financial products and services to investors  and the Fidelity's experience, expertise, and resources in the financial services field  are such that Fidelity should have been able to prevent the unauthorized transmission of the Plaintiff's securities account numbers and social  security numbers  by Jamgotchian, and should have been aware of the breach when it occurred.

7. The transmission of the Plaintiffs' account numbers and personal information constitutes a particularly egregious violation of  12 U.S.C. § 3417, Chapter 35, because on October 28, 1999, Jamgotchian held the position of "Risk Manager-BISD, D & S Information Risk Management", which gave her access to the account information and personal data of untold numbers of the defendant's clients, besides that of the Plaintiffs.

8. In addition to the statutory violation represented by Jamgotchian's e-mail transmission, by which sensitive financial and personal identification data of the parties were compromised, Paul believes that said compromised information impelled Valerie to seek a divorce that became protracted, bitter, and financially ruinous to Paul.

9. Paul discovered the e-mail of October 28, 1999, in April of 2001.

ROBERT H. GLOTZER
*Attorney at Law*
50 CONGRESS STREET
BOSTON, MA 02109
TEL: 617 742-8700
FAX: 617 742-8703
EMAIL:
lawyerglotzer@hotmail.com

10. On or about June 21, 2006, Paul consulted Attorney Stephen A. McNerney ("McNerney"), of Worcester, Massachusetts, to pursue this breach of financial and personal privacy with the defendant.

11. In correspondence or about July 12, 2006, Attorney Margaret H. Raymond ("Raymond"), who then held the position of Vice President and General Counsel for Fidelity, assured McNerney that the defendant would look into the harm complained of by the Plaintiffs.

12. In correspondence on or about August 25, 2006, McNerney sought from Raymond the nature of any action taken by the Fidelity on the matter.

13. In correspondence on or about August 31, 2006, Raymond, referring to the "Paul B. Marinucci Security Breach", declined to disclose the results of Fidelity"s investigation of Jamgotchian's conduct complained of by the Plaintiff's with McNerney.

14. At no time has Fidelity denied the complaint raised by the Plaintiffs through Attorney McNerney with regard to Jamgotchian's conduct in violating their financial and personal privacy, as well as the security of the data compromised.

15. The Plaintiffs seek relief in the form of punitive damages, pursuant to the provisions of 12 U.S.C. § 3417(a)(3)(4), in the amount of $500,000.00 (five hundred thousand dollars, and eighty two thousand dollars in actual damages.

16. The Plaintiffs demand a trial by jury on all issues so triable at law.

ROBERT H. GLOTZER
Attorney at Law
50 CONGRESS STREET
BOSTON, MA 02109
TEL: 617 742-8700
FAX: 617 742-8703
EMAIL:
lawyerglotzer@hotmail.com

***WHEREFORE,*** the Plaintiffs demand judgement against the defendants for punitive damages in the amount of $500,000.00 (five hundred thousand dollars), and eighty two thousand dollars in actual damages, pursuant to the provisions of 12 U.S.C. § 3417(a)(3)(4), and such other relief as this honorable Court may deem just and proper.

Respectfully Submitted,
By their Attorney,
Paul, Michael, and Joseph Marinucci.

_____          April 12, 2007
Robert H. Glotzer                        Date:
50 Congress Street
Boston, MA, 02109-4002
617-742-8700
BBO No. 649904

### CERTIFICATE OF SERVICE

I, Robert H. Glotzer, swear under the pains and penalties of perjury, that I have served a copy of the above document on the defendant FMR Corporation, Edward C. Johnson III, Chairman and CEO, 82 Devonshire Street, Boston, MA, 02109, and Fidelity Investments, 82 Devonshire Street, Boston, MA, 02109, a subsidiary of FMR Corporation, on April 12, 2007, and on the United States District Court, Clerk for Civil Business, One Courthouse Way, Boston, MA, 02201, on the date shown below.

_____          April 12, 2007
Robert H. Glotzer, BBO No. 649904        Date:

ROBERT H. GLOTZER
*Attorney at Law*
50 CONGRESS STREET
BOSTON, MA 02109
TEL: 617 742-8700
FAX: 617 742-8703
EMAIL:
lawyerglotzer@hotmail.com